IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,    )
        )
        Plaintiff,    )
        )
    vs.    )    CRIMINAL NO.  24-CR-40040-RJD
        )
BURNS HUNTING CLUB, LLC,    )
        )
        Defendant.    )

## PLEA AGREEMENT

The attorney for the United States and Burns Hunting Club, LLC, a limited liability company operating under the laws of Illinois, the defendant, through its sole member, Hugh Thomas Burns Jr., and by its counsel, Justin A. Kuehn, have engaged in discussions and have reached an agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The terms are as follows:

## I.  Charges, Penalties, and Elements

1.    Defendant understands the charge contained in the Information and will plead guilty to Count 1. Defendant understands the essential elements of this count and the possible penalties, as set forth below:

| Count | Charge | Statutory Penalties | Essential Elements |
|---|---|---|---|
| 1 | Unlawful Sale of Wildlife - Lacey Act (Misdemeanor)<br><br>16 U.S.C. §§ 3372(a)(1), 3373(d)(2)<br><br>18 U.S.C. § 2 | **Fine: NMT $200,000.00**<br>**Special Assessment: $25.00** | 1. The defendant knowingly combined, conspired, and agreed with another to commit acts that violate the Lacey Act, namely, to take, possess, transport, or sell wildlife in violation of a state or federal law or regulation. "Sale" includes the agreement to receive or actual provision of guiding or outfitting services; and<br><br>2. The defendant knew, or in the exercise of due care should have known, the wildlife was taken, possessed, transported, or sold in some illegal manner (defendant does not have to know specifically which federal law he violated); and<br><br>3. The defendant knew of the unlawful purpose of the conspiracy and knowingly joined the conspiracy to further its unlawful purpose. |

Defendant committed acts that satisfy each of the essential elements listed above.

2.    Title 18, United States Code, Section 3013 requires the Court to assess a $25.00 "special assessment" per misdemeanor count. Defendant understands that the special assessment will be due immediately at the time of sentencing.

3.    Defendant understands that the United States will recommend a fine in this matter, as detailed below.  Defendant agrees with the amount of fine recommended by the United States.  Defendant understands, however that the Court may impose, a fine, and costs of supervision different than the amount jointly agreed to by the parties.

4.    Defendant shall provide the United States Probation Office with all information requested to prepare the Presentence Report, including signing all releases. Defendant agrees that the Probation Office may share any financial information with the United States Attorney's Office and Defendant waives any rights Defendant may have under the Right to Financial Privacy Act.  Defendant agrees to make complete financial disclosure by truthfully filling out a financial statement, at the direction of the United States Attorney's Office. Defendant also expressly authorizes the United States Attorney's Office to obtain Defendant's credit report on or after the date of this agreement.

5.    Defendant understands and agrees that the Court has the authority to order the defendant pay restitution.  The parties to this agreement have reached a determination on the issue of restitution, which is detailed below.

## II.  Advisory Sentencing Guidelines

1.    Defendant understands that in determining the sentence, the Court is obligated to consider the minimum and maximum penalties allowed by law. In determining what sentence to impose, the Court will also calculate and consider the applicable range under the U.S. Sentencing

Guidelines. The Court will ultimately determine the sentence after hearing the arguments of the parties and considering the sentencing factors set forth at 18 U.S.C. § 3553(a), which include:

(i)    the nature and circumstances of the offense and the history and characteristics of the defendant;

(ii)    the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(iii)    the kinds of sentences available;

(iv)    the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and

(v)    the need to provide restitution to any victim of the offense.

2.    Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the Court is not bound by the parties' calculations of the US Sentencing Guidelines range set forth in this Plea Agreement or by the parties' sentencing recommendations. Therefore, the Court may impose a different sentence than what is described in this Plea Agreement - anywhere between the minimum sentence (if any) up to the statutory maximum sentence. If the Court imposes a different sentence than what is described in this Plea Agreement, the parties shall not be permitted to withdraw from the Plea Agreement and the Defendant will not be permitted to withdraw the guilty plea.

3.    The parties agree that, pursuant to the Background Note of Guidelines §8C2.1, the Fine Guidelines of §8C2.2 through §8C2.9 do not apply, because the offense of conviction is an environmental offense covered by Chapter 2, Part Q.  Instead, the fine must be determined pursuant to Guideline §8C2.10.

4.      Pursuant to Guidelines §8C2.10, the parties agree that the Court must determine the fine amount by applying the provisions of 18 USC §§ 3553 & 3572. Further, in determining the appropriate fine amount, the Court is required to consider the amount of disgorgement of gain to the defendant as required by §8C2.9. The parties agree that the amount of gain that should be disgorged from the defendant pursuant to §8C2.9 has been fully paid as restitution or by way of other remedial measures.

5.      Pursuant to Guidelines §8D1.4, the Defendant acknowledges that the Court may impose other conditions of probation as it deems necessary, including, but not limited to, submitting to regular, unannounced examinations of its books and records by Probation and U.S. Fish & Wildlife.

6.      The United States and Defendant submit that, after all factors have been considered, the Defendant will likely have the following advisory U.S. Sentencing Guideline range:

Fine range of up to $200,000.00, pursuant to 18 USC § 3571(c)(5).

### III. Sentencing Recommendations

1.      The United States and the Defendant have an agreed sentencing recommendation. The parties recommend that the Defendant be sentenced as follows:

a.  Defendant shall be placed on Probation for a term of 24 months.

b.  Defendant shall pay a fine in the amount of $5,500.00. Pursuant to 16 U.S.C. § 3375(d), this fine shall be deposited in the Lacey Act Reward Account. Payment shall be made to the Clerk of the United States District Court for the Southern District of Illinois. The fine shall be directed to: U.S. Fish and Wildlife Service, Cost Accounting Section, PO Box 272065, Denver, Colorado 80227-9060.

c.  Defendant shall pay restitution in the amount of $30,000.00 to the Illinois Department of Natural Resources.  Payment shall be made to the Clerk of the United States District Court for the Southern District of Illinois. Restitution shall be directed to: Illinois Conservation Police Operations Assistance Fund, Illinois Department of Natural Resources, Office of Law Enforcement, Attention: Shelly Stephens, One Natural Resources Way, Springfield, Illinois 62702.

d.  Defendant shall pay a $25.00 special assessment.

e.  Defendant agrees that all monetary obligations, including fines, restitution, and assessments will be paid in full on the same date that the judgment is entered.

f.  The Defendant and its officers shall not operate as a hunting or guiding operation for a period of 24 months from the date of the judgment on the property located at 4062 S Wolf Creek Road, Carbondale, Illinois. The Defendant and its officers shall not guide, hunt, shoot, wound, trap, kill, or attempt to guide, hunt, shoot, trap, or kill wildlife or wild animals by any means on the property. The words "hunt" or "hunting" includes hunting anywhere on said property at any time during the term of probation. The Defendant shall be prohibited from obtaining or renewing any license, permit, or other certificate that would entitle the Defendant to operate as a hunting club or guiding service for a period of 24 months from the date of the judgment.  Any current license or permit allowing the Defendant to operate as a hunting club or guiding service, is hereby null and void for the duration of probation. The Defendant shall surrender any such license to the United States

Probation officer to be returned to the issuing agency. The Defendant further agrees to not apply for a hunting or guiding license or permit until the expiration of the 24 month term of probation.

g.  The Defendant is prohibited from leasing any property owned or operated by Burns Hunt Club, LLC, or Hugh Thomas Burns Jr., as sole member and owner of Burns Hunting Club, LLC, to any individual or organization that has been previously found guilty of violating any federal, state, or local laws or regulations, excluding minor traffic or petty offenses.

h.  The conditions of probation recommended in the Plea Agreement are reasonably related to the nature and circumstances of the offense and involve only such deprivations of liberty that are necessary to effect the purposes of sentencing.

2.    Defendant shall abide by all mandatory conditions of probation, pursuant to 18 U.S.C. § 3563(a).

## IV.  Limitation of Plea Agreement & Breach of the Agreement

1.    All agreements between the parties are written and no other promises, inducements, representations, or threats were made to induce Defendant to enter into the Plea Agreement and Stipulation of Facts. Defendant agrees that this Plea Agreement, the Stipulation of Facts, and any supplements, make up the entire agreement between the United States and Defendant and supersedes any other agreement, oral or written. The terms of this Plea Agreement can be modified only in writing signed by all of the parties.

2.    The United States will file a sealed supplement to this plea agreement, as required in every case in the Southern District of Illinois. That supplement may, or may not, include

additional terms. If additional terms are included in the supplement, they are incorporated and made a part of this Plea Agreement.

3.      Defendant's officers understand and acknowledge that the Plea Agreement is limited to the Southern District of Illinois, and cannot bind other federal, state or local prosecuting authorities.  Defendant further understands and acknowledges that the Plea Agreement does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil proceedings directly or indirectly involving Defendant.

4.      Defendant's officers understand and agree that in the event the Defendant commits any violation of local, state or federal law (other than a petty traffic offense), violates any condition of probation, violates or fails to perform any term of this Plea Agreement, provides misleading, incomplete, or untruthful information to the U.S. Probation Office, or fails to appear for sentencing, the United States, at its option, may ask the Court to be released from its obligations under this Plea Agreement. The United States may also, in its sole discretion, proceed with this Plea Agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility. No action taken or recommendation made by the Government pursuant to this paragraph shall be grounds for the Defendant to withdraw the guilty plea.

5.      Defendant's officers understand and agree that in the event the Defendant materially breaches this Plea Agreement, or Defendant is permitted to withdraw Defendant's guilty plea(s), that any and all statements made by Defendant, whether under oath or not, at the change of plea hearing, and any evidence derived from such statements, are admissible against Defendant in any prosecution of or action against Defendant.  Defendant knowingly and voluntarily waives any argument under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any

other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible.

### V.   Defendant's Waiver of Rights, Consequences of Plea of Guilty, and Appeal Waiver

1.     The Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. Defendant's counsel has explained the waivers of rights, and the consequences of those waivers, that are contained in this Plea Agreement.  Defendant fully understands that, as a result of the guilty plea, no trial will occur and that the only action remaining to be taken in this case is the imposition of the sentence.

2.     By pleading guilty, Defendant's officers understand that Defendant is waiving the following rights: the right to plead not guilty to the charges; the right to be tried by a jury (or a trial by the judge sitting without a jury) in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the United States to prove the elements of the offenses charged against Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence; and the right to compel the attendance of witnesses.

3.     Defendant's officers understand that by pleading guilty, Defendant is waiving all appellate issues that might have been available if Defendant had exercised the right to trial.

4.     Defendant is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence through

appeal or collateral attack.  However, in exchange for the recommendations and concessions made by the United States in this Plea Agreement, **Defendant knowingly and voluntarily waives the right to seek modification of, or contest any aspect of, the conviction in any type of proceeding,** including the manner in which the sentence was determined or imposed, that could be contested under Title 18 or Title 28, or under any other provision of federal law. Defendant's waiver of the right to appeal or bring collateral attacks includes contesting: 1) the constitutionality of the statute(s) to which Defendant is pleading guilty; and 2) that the conduct to which Defendant has admitted does not fall within the scope of such statute(s).

The United States reserves the right to oppose any such claim for relief. The parties agree that the Defendant is waiving all appeal and collateral attack rights, except those specified in this paragraph of the Plea Agreement.

5.      Except as expressly permitted in the preceding paragraph, Defendant acknowledges that any other appeal or collateral attack may be considered a material breach of this Plea Agreement and the United States reserves the right to take any action it deems appropriate, including having  a court declare that Defendant has materially breached this Plea Agreement.

6.      Defendant's waiver of appeal and collateral review rights shall not affect the United States' right to appeal Defendant's sentence pursuant to Title 18, United States Code, Section 3742(b).  This is because United States Attorneys lack any right to control appeals by the United States, through plea agreements or otherwise; that right belongs to the Solicitor General. 28 C.F.R. § 0.20(b).

7.      Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any Department or Agency of the United States, or unit of state government, any records pertaining to the investigation or prosecution of this case,

including without limitation, any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a, or the Illinois Freedom of Information Act (5 ILCS 140) or the Illinois Open Meetings Act (5 ILCS 120).

8.    Defendant waives all claims under the Hyde Amendment, Title 18, United States Code, Section 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

9.    Defendant waives all civil claims against the United States or any official working on behalf of the United States during the investigation or prosecution of this matter.

## VI.    Collateral Consequences of Conviction

1.    Defendant acknowledges that its plea of guilty, and conviction of the charged offense, may have other collateral consequences.

## VII.    Defendant's Acknowledgements

1.    Hugh Thomas Burns Jr. certifies that he is authorized under his capacity as the sole member and owner of Burns Hunting Club, LLC, to enter into this plea agreement.

2.    Defendant is fully satisfied with the representation received from defense counsel. Defendant has reviewed the United States' evidence and has discussed the United States' case, possible defenses and defense witnesses with defense counsel. Defendant's attorney has completely and satisfactorily explored all areas which Defendant has requested relative to the United States' case and possible defenses. Defendant acknowledges having had adequate opportunity to discuss the potential consequences of the guilty plea with defense counsel. Defendant has had all of Defendant's questions answered by defense counsel. Defendant agrees that this Plea Agreement is not the result of any threats, duress, or coercion. Defendant enters this guilty plea freely, voluntarily, and knowingly, because Defendant is in fact guilty.

3.      By signing this Plea Agreement, Defendant's officers certify having read it (or that it has been read to Defendant in a language that Defendant understands), Defendant has discussed the terms of this Plea Agreement with defense counsel and fully understands its meaning and effect.

VIII.

No additional matters are in dispute.

UNITED STATES OF AMERICA,

STEVEN D. WEINHOEFT
United States Attorney

HUGH THOMAS BURNS JR
*Sole Member of*
BURNS HUNTING CLUB, LLC
Defendant

J. DAVID SANDERS
Assistant United States Attorney

JUSTIN A. KUEHN
Attorney for Defendant

Date:  3 - 12 - 25

Date:  March 6, 2025